In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James Cyril KOTZ, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

James Cyril KOTZ, Respondent.

Supreme Court

*No. 2012AP1326–D.—Decided September 25, 2012.*

2012 WI 108

(Also reported in 821 N.W.2d 391.)

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶ 1. PER CURIAM.   This is a reciprocal discipline matter. We review the stipulation entered by Attorney

James Cyril Kotz and the Office of Lawyer Regulation (OLR) for the imposition of discipline reciprocal to that imposed by the Supreme Court of Illinois. After our review of the matter, we accept the stipulation. By virtue of having been disbarred by the Supreme Court of Illinois for violation of the Illinois Rules of Professional Conduct, Attorney Kotz is subject to reciprocal discipline in Wisconsin. We revoke Attorney Kotz's license to practice law in Wisconsin. The OLR does not seek costs. Accordingly, no costs will be imposed.

¶ 2. Attorney Kotz was admitted to the practice of law in Illinois in 1992. He was admitted to the practice of law in Wisconsin in February 1994. His Wisconsin law license was suspended on October 31, 2006, for failure to pay state bar dues and assessments and remains suspended.

¶ 3. On February 9, 2011, Attorney Kotz was charged in federal district court with violating 26 U.S.C. § 7212(a) by creating a fictitious scheme to conceal the receipt of taxable income garnered through the sale of real estate and creating a fictitious corporation to further this scheme. On February 25, 2011, Attorney Kotz entered a guilty plea to the charge. On May 26, 2011, he was convicted and sentenced to a term of three years' probation, with the first 90 days to be spent in home confinement with electronic monitoring. In addition to the mandatory and standard conditions of probation, Attorney Kotz was ordered to repay the $800 "buy money," was fined $3,000 which was payable within 30 days of the order, and was ordered to surrender his law license. *United States v. Kotz,* No. 09 CR 236–3 (U.S. Dist. Court, N.D. Ill.).

¶ 4. A disciplinary proceeding was initiated against Attorney Kotz in Illinois as a result of the actions giving rise to the criminal conviction. On Au-

gust 8, 2011, Attorney Kotz moved the Supreme Court of Illinois to remove his name from the roll of attorneys. Attorney Kotz signed an affidavit admitting that he violated the 1990 Illinois Rules of Professional Conduct (IRPC) or the Illinois Supreme Court Rules by committing a criminal act—violation of 26 U.S.C. § 7212(a)—that reflected adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, in violation of Rule 8.4(a)(3) of the IRPC; engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation, in violation of Rule 8.4(a)(4) of the IRPC; engaging in conduct which is prejudicial to the administration of justice, in violation of Rule 8.4(a)(5) of the IRPC; and engaging in conduct which tends to defeat the administration of justice, or to bring the courts or the legal profession into disrepute in violation of Illinois Supreme Court Rule 770. Attorney Kotz conceded that his judgment of conviction would be conclusive evidence of his guilt at a disciplinary hearing on these charges.

¶ 5.  On September 20, 2011, the Illinois Supreme Court issued an order and mandate striking Attorney Kotz's name from the roll of Illinois attorneys, effectively disbarring him. Attorney Kotz failed to notify the Office of Lawyer Regulation (OLR) of the Illinois disbarment within 20 days of its effective date.

¶ 6.  On June 18, 2012, the OLR filed a formal disciplinary complaint against Attorney Kotz. The OLR's complaint in this matter asks that Attorney Kotz's license to practice law in Wisconsin be revoked as reciprocal discipline under SCR 22.22.[1]

---

[1] SCR 22.22 states, in pertinent part:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

¶ 7. On June 27, 2012, this court ordered Attorney Kotz to inform the court of any claim, predicated upon the grounds set forth in SCR 22.22(3), why the imposition of discipline identical to that imposed by the Supreme Court of Illinois would be unwarranted, and of the factual basis for any such claim. Attorney Kotz did not respond.

¶ 8. Subsequently, on August 27, 2012, Attorney Kotz and the OLR executed a stipulation. The stipulation states that by virtue of being disbarred by the Supreme Court of Illinois for his misconduct, Attorney Kotz is subject to reciprocal discipline pursuant to SCR 22.22. Attorney Kotz stipulates that he does not claim any of the potential defenses articulated in SCR 22.22(3)(a) through (c). Attorney Kotz agrees that it is appropriate for this court to revoke his license to practice law in Wisconsin, reciprocal to the discipline imposed in Illinois.

¶ 9. The stipulation states it is not the result of plea bargaining, that Attorney Kotz admits the facts and misconduct alleged, and that Attorney Kotz verifies he fully understands the misconduct allegations. Attor-

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

ney Kotz stipulates he fully understands the ramifications should the court impose the stipulated level of discipline; he fully understands his right to contest the matter and his right to consult with and retain counsel. Attorney Kotz acknowledges that he enters into the stipulation knowingly and voluntarily.

¶ 10. Upon our review of the matter, we accept the stipulation and impose discipline identical to that imposed by the Supreme Court of Illinois. *See* SCR 22.22(3). We therefore revoke Attorney Kotz's license to practice law in Wisconsin. Because it was not necessary to appoint a referee or incur the costs of a full disciplinary proceeding, we do not require Attorney Kotz to pay the costs of this proceeding.

¶ 11. IT IS ORDERED that the license of James Cyril Kotz to practice law in Wisconsin is revoked, effective as of the date of this order.

¶ 12. IT IS FURTHER ORDERED that if he has not already done so, James Cyril Kotz shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.